LEWIS & LLEWELLYN LLP
Paul T. Llewellyn (Bar No. 216887)
pllewellyn@lewisllewellyn.com
Nicolas V. Saenz (Bar No. 284087)
nsaenz@lewisllewellyn.com
505 Montgomery Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 800-0590
Facsimile: (415) 390-2127

PIVOTPOINT LAW, P.C.
Brian Lee (Bar No. 197233)
blee@pivotpointlaw.com
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065
Telephone: (650) 251-4200
Facsimile: (650) 251-4201

Attorneys for Petitioners,
QCT, LLC, and QCH, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

QCT, LLC a California limited liability company and QCH, INC. a Nevada corporation,

Petitioners,

v.

REDAPT, INC., a Washington corporation,

Respondent.

**CASE NO: 3:19-CV-02808**

**PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
[9 U.S.C. §1 *et seq.*]

**PETITION**

Petitioners QCT, LLC and QCH, Inc. (collectively "Quanta" or "Petitioners") by their undersigned counsel, respectfully submit this Petition for an order (a) confirming, in its entirety, the final arbitration award dated April 12, 2019 (the "Award"), and (b) entering final judgment on the Award. The Award was in favor of Petitioners as the prevailing party and was issued by Hon. William J. Cahill (Ret.) of JAMS San Francisco. Notice was provided to both parties on or about the date of the issuance of the Award.

This Petition is made based on the following facts:

1. On May 10, 2017, Petitioners Quanta and Respondent Redapt Inc. ("Redapt") entered into a Settlement Agreement. Declaration of Brian Lee ("Lee Decl."), ¶ 2.

2. The Settlement Agreement, in paragraph 6, contained the following arbitration provision:

> **Arbitration:** Any business tort claims or causes of action of Redapt against Quanta shall be administered by JAMS and resolved by a single arbitrator selected by in accordance with the JAMS Rules and Procedures appropriate for the case. The demand for any such arbitration may be filed by Redapt in any JAMS office located in the State of California. The Demand for such arbitration must be filed with JAMS by the close of business at the chosen JAMS office by October 13, 2017. The arbitrator may but is not required to award reasonable attorneys' fees and costs to the prevailing party. Any such fees and costs shall not begin to accrue until the initiation of the demand for arbitration but shall include JAMS' filing fees for the Demand. Judgment on the award may be entered in any court having jurisdiction. Any such judgment shall be fully appealable as if it had been rendered following a trail in that court.

3. On October 13, 2017, Redapt initiated arbitration proceedings against Quanta[1] with JAMS in San Francisco, California. The parties agreed to have the matter arbitrated by Hon. William J. Cahill (Ret.) (the "Arbitrator").

4. On January 26, 2018, JAMS San Francisco confirmed the selection of the Arbitrator and set the evidentiary hearing to commence on October 22, 2018. A copy of the confirmation is attached as Exhibit A to the Lee Decl.

---

[1] In the underlying arbitration proceedings, Redapt was the "Claimant" and Quanta was the "Respondent." In this Petition to Confirm the Award, the Petitioner is Quanta and the Respondent is Redapt. This is stated for clarity of the record.

5. Between October 22, 2018 and October 24, 2018, the evidentiary hearing was held in San Francisco, California.

6. The Arbitrator rendered a written Final Arbitration Award on April 12, 2019 in favor of Quanta as the prevailing party, a copy of which is attached as Exhibit B to the Lee Decl.

7. The Award provides that Redapt is not entitled to any recovery based on any of the causes of action it asserted against Quanta. The Award further provides that Redapt is required to pay Quanta $93,807.96 in costs.

8. JAMS served a signed copy of the Award on both parties on April 12, 2019.

9. The Arbitrator's Award was made in accordance with the terms and provisions of the Settlement Agreement and is in all respects proper.

10. As of the date of this Petition, no application has been made to the Arbitrator to modify, correct or vacate the Award.

11. Redapt has not voluntarily made any payment on the Award to date.

WHEREFORE Quanta prays for an order confirming the Award for entry of judgment in conformity therewith, and for costs and such other relief as the Court may deem proper.

Dated: May 22, 2019

LEWIS & LLEWELLYN LLP
Paul T. Llewellyn
Nicolas V. Saenz

By: *_/s/ Nicolas V. Saenz_*
Nicolas V. Saenz
Attorney for Petitioners QCT, LLC and QCH, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Petitioners QCT, LLC and QCH, Inc. (collectively "Quanta") request that the Court enter an order confirming the Arbitrator's Final Award in the arbitration between Quanta and Redapt, Inc. ("Redapt"), JAMS ref. no. 1100088763 (the "Arbitration"). A true and correct copy of the Arbitrator's Final Award is attached as Exhibit B to the Declaration of Brian Lee ("Lee Decl.") filed concurrently with this Petition.

After proper submittal of proof, the Final Arbitration Award (the "Award") was issued on April 12, 2019 and served on all parties by the duly appointed Arbitrator Hon. William J. Cahill (Ret.). (Lee Decl., Exhibit B). Redapt has not paid any portion of the Award. (*Id.*, ¶ 9.) Accordingly, Quanta seeks an order confirming the Award and entering judgment.

## II. THE PARTIES

Petitioners QCT, LLC and QCH, Inc. are subsidiaries of Quanta Computer, Inc., a Taiwanese manufacturer of notebook computers, servers and other computer equipment. QCT, LLC and QCH, Inc. are headquartered in California and Nevada, respectively.[2]

Redapt, the Claimant in the underlying arbitration, is a computer systems integrator which specializes in providing resources to build datacenter infrastructure. Redapt is headquartered in Bellevue, Washington.

## III. JURISDICTION AND VENUE

This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332 because Petitioners and Respondent reside in different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In the underlying proceedings, Redapt sought millions of dollars in damages. (Lee Decl., ¶ 3.)

The Court has personal jurisdiction over both Petitioners and Respondent because they transact business and agreed to conduct arbitration proceedings in this Judicial District.

---

2 In the underlying arbitration proceedings, Redapt was the "Claimant" and Quanta was the "Respondent." In this Petition to Confirm the Award, the Petitioner is Quanta and the Respondent is Redapt.

Venue is proper in this district under 28 U.S.C. section 1391(a) and 9 U.S.C. section 9 of the Federal Arbitration Act because the subject arbitration agreement states that "[j]udgment upon the award may be entered in any court of competent jurisdiction."

**IV. INTRADISTRICT ASSIGNMENT**

This case is appropriate for assignment to the San Francisco Division pursuant to Civil Local Rule 3-2(d) because the arbitration was held in the County of San Francisco.

**V. BACKGROUND OF ARBITRATED DISPUTE**

Quanta manufactures notebook computers, servers and other types of computer equipment. Redapt is a reseller/system integrator of computer products. Customers or "end users" obtain Quanta's products either directly from Quanta or from resellers such as Redapt. One end user which used Quanta's products was Uber, Inc. ("Uber").

Quanta sold its products to Uber through resellers. One such reseller was Redapt. Quanta and Redapt's business relationship regarding sales of Quanta's products to Uber gave rise to this dispute. Redapt alleged that Quanta improperly provided Uber with certain pricing information. Redapt also alleged that Quanta misrepresented that it would pay Redapt certain financial benefits in connection with sales of Quanta's products to Uber. Based on these allegations, Redapt initiated arbitration on October 13, 2017 pursuant to section 6 of the Settlement Agreement, asserting causes of action for intentional and negligent misrepresentation, trade secret misappropriation, intentional interference with prospective economic advantage, and unjust enrichment.

**VI. THE ARBITRATION PROCEEDINGS**

On October 13, 2017, Redapt submitted a Demand for Arbitration to JAMS ADR Services pursuant to the terms of the Arbitration clause in the Settlement Agreement. (Lee Decl., ¶ 3.) The parties agreed to the appointment of Arbitrator William J. Cahill (the "Arbitrator") of JAMS-San Francisco. (*Id.*, Exh. A.) The parties agreed that JAMS Rules and Procedures would apply to this proceeding. (*Id.*, ¶ 2.)

On January 30, 2018, the Arbitrator issued Order No. 1 in the Arbitration setting out the timing and location of the arbitration hearing, the schedule for pre-hearing submissions, and other procedural matters. From October 22, 2018 through October 24, 2018, the parties attended a

hearing and presented testimony and other evidence at JAMS-San Francisco.

The Arbitrator actively participated in the hearing, questioning the respective counsel for the parties as well as some of the witnesses. The Arbitrator considered all of the evidence and argument. On April 12, 2019, the Arbitrator found Quanta was not liable and awarded $93,807.96 in costs to Quanta as the prevailing party. (*See* Lee Decl., Exh. B, p. 28, para. 4.)

Paragraph 6 of the Settlement Agreement provides that "Judgment on the award may be entered in any court having jurisdiction." (*See* Lee Decl., ¶ 2.) Redapt has failed to voluntarily satisfy the Award in the time since it was made. (*See id.*, ¶ 9.) A judgment on the Award is needed to permit Quanta to enforce it. A confirmation order and a conforming judgment are therefore authorized by the terms of the arbitration agreement and section 9 of the Federal Arbitration Act.

## VII. LEGAL ARGUMENT

### A. Confirmation of the Arbitration Award is Mandatory Under 9 U.S.C. § 9

Pursuant to 9 U.S.C. § 9, "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within such award was made." Paragraph 6 of the Settlement Agreement provides that "Judgment on the award may be entered in any court having jurisdiction." (*See* Lee Decl., ¶ 2.) The Award in this case should be confirmed because no application to modify, correct or vacate has been filed and none of the grounds for refusal of recognition or enforcement exist.

### B. Entry of Judgment for Quanta is Mandatory

As there are no grounds to refuse or defer recognition or enforcement of the Award, it must be confirmed. 9 U.S.C. § 9. Upon confirmation of the Award, entry of judgment is warranted and such judgment shall have the same force and effect as any other civil judgment and may be enforced accordingly. 9 U.S.C. § 13.

## VIII. CONCLUSION

Petitioners request that the Court:

A. Enter an Order confirming the Arbitrator's April 12, 2019 Final Award;

B. Enter judgment against Respondent in conformity therewith and ordering Respondents' compliance with the Final Award;

C. Award Petitioners their costs incurred and interest;

D. Retain jurisdiction for the purposes of further proceedings necessary to enforce this Court's judgment; and

E. Grant such other and further relief as this Court deems appropriate.

*Respectfully submitted,*

Dated: May 22, 2019

LEWIS & LLEWELLYN LLP
Paul T. Llewellyn
Nicolas V. Saenz

By: */s/ Nicolas V. Saenz*
Nicolas V. Saenz
Attorney for Petitioners QCT, LLC and QCH, INC.